United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-60902
Summary Calendar
_____

FRANCISCO PERALTA-TEJEDA,

Petitioner,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
No. A78-996-367
_____

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Francisco Peralta-Tejeda entered the United States on or about September 25, 1999 as a non-immigrant visitor authorized to remain until October 10, 1999. He remained in the United States beyond that date and was also convicted of forgery on July 1, 2002. Shortly thereafter, on July 18, 2002, he received from the INS a Notice to Appear listing his violations and alleging that he was subject to removal on account of each. Peralta-Tejeda admitted the allegations and conceded that he was subject to removal. However, he sought asylum and withholding of removal, claiming past

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

persecution and fear of future persecution in Mexico based on the fact that he is gay.  The Immigration Judge rejected the asylum application for untimeliness -- Peralta-Tejeda admitted that he failed to seek asylum within one year of entering the United States.  The Immigration Judge also denied the request for withholding of removal, finding that Peralta-Tejeda had failed to establish the requisite likelihood of persecution.  The Board of Immigration Appeals summarily affirmed by order dated May 26, 2004.  Peralta-Tejeda filed a motion for reconsideration on June 28, 2004, which the BIA denied on September 8, 2004.  Peralta-Tejeda filed a petition for review on October 7, 2004.

We do not address the merits of the May 26, 2004 order because Peralta-Tejeda failed to file his petition for review within the 30-day period set out in 8 U.S.C. 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal.").  Presumably, Peralta-Tejeda expected the 30-day period to run from the September 8, 2004 order denying his motion for reconsideration.  However, the Supreme Court held in Stone v. INS, 514 U.S. 386 (1995), that the period for filing a petition for review of a final order of removal, being "mandatory and jurisdictional," is to be observed strictly according to its terms and cannot be equitably tolled by motions for reconsideration.  Amendments to the immigration laws, which, inter alia, shortened the petition period to 30 days and moved the provision for judicial review of orders of removal from § 1105 to

§ 1252, appear not to have upset the rule in <u>Stone</u>.  Thus, as the government argues, Peralta-Tejeda's petition for review is untimely with respect to the BIA's order of March 26, 2004.

Peralta-Tejeda's petition is, however, timely with respect to the BIA's September 8, 2004 order denying his motion for reconsideration of the March 26, 2004 order.  We review a denial of a motion for reconsideration "under a highly deferential abuse-of-discretion standard."  <u>Zhao v. Gonzales</u>, 404 F.3d 295 (5th Cir. 2005).

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision."  8 C.F.R. §1003.2(b)(1).  Peralta-Tejeda's motion for reconsideration asserted that the BIA "did not evaluate the case in a proper manner."  However, in attempting to elaborate upon this assertion, Peralta-Tejeda argued nothing more than that "the Immigration Judge did not consider the cumulative factors involved in this case.  [Peralta-Tejeda] was severely beaten up all because of his status as a gay person in Mexico. . . . [T]he Board gave insufficient consideration to the issue of Mr. Peralta's persecution."  This is hardly a successful attempt to <u>specify</u> errors.  We cannot say that the BIA abused its discretion in denying a motion that was based on such a generic complaint.  Accordingly, the petition for review is

DENIED.